# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

**Civil Action No. 0:13-cv-61138-WJZ**

GARRY BATES, an individual; and
RENAE BATES, an individual,
    Plaintiffs,

v.

WORLDPMX, INC., a Florida corporation;
INVESTMENT QUALITY DIAMONDS, INC., a Florida corporation;
SEAN MCCABE, an individual;
AMERIFIRST TRADING CORP., a Florida corporation;
C. LEO SMITH, an individual; and
WORTH GROUP, INC., a Florida corporation,
    Defendants.
_____/

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS AMERIFIRST TRADING CORP. AND C. LEO SMITH's MOTION TO DISMISS AMENDED COMPLAINT**

    Respectfully submitted,

    DAVID C. SILVER
    Florida Bar No. 572764
    E-mail: DSilver@silverlaw.com
    SCOTT L. SILVER
    Florida Bar No. 095631
    E-mail: SSilver@silverlaw.com
    JASON S. MILLER
    Florida Bar No. 072206
    E-mail: JMiller@silverlaw.com
    **SILVER LAW GROUP**
    11780 W. Sample Road
    Coral Springs, Florida 33065
    Telephone: (954) 755-4799
    Facsimile: (954) 755-4684

    *Counsel for Plaintiffs, Garry Bates and Renae Bates*

Plaintiffs, GARRY BATES, an individual; and RENAE BATES, an individual (collectively referred to as "Plaintiffs"), by and through undersigned counsel, hereby submit the following Memorandum of Law in Opposition to the motion filed by defendants AMERIFIRST TRADING CORP., a Florida corporation ("AMERIFIRST"); and C. LEO SMITH, an individual ("SMITH") (collectively "the AMERIFIRST Defendants") [DE 38], seeking dismissal of the Amended Complaint [DE 30].  For the reasons set forth below, the AMERIFIRST Defendants' motions should be denied.[1]

I. **ADOPTION AND INCORPORATION OF PLAINTIFFS' PRIOR RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AMENDED COMPLAINT**

Prior to the AMERIFIRST Defendants filing their Motion to Dismiss the Amended Complaint, all of the other defendants filed similar motions to dismiss the Amended Complaint on grounds similar to, if not identical to, those raised by the AMERIFIRST Defendants in their motion.  *See*, DE 33 (motion filed by Defendants WORLDPMX, INC.; INVESTMENT QUALITY DIAMONDS, INC.; and SEAN McCABE ["the WORLDPMX Defendants"]); and DE 35 (motion filed by defendant WORTH GROUP, INC. ["WORTH GROUP"]).  In response to those motions, Plaintiffs filed a consolidated memorandum of law [DE 37] addressing the grounds upon which the defendants seek to have the Amended Complaint dismissed -- many of which apply with equal force to the arguments raised in the AMERIFIRST Defendants' motion.  To avoid burdening the Court with a repetition of those arguments here, Plaintiffs hereby adopt and incorporate by reference the arguments and factual predicate presented in their previously-filed consolidated memorandum to the extent those arguments apply with equal strength to the AMERIFIRST Defendants' arguments in this proceeding.  To the extent an additional response

---

[1] Paragraph references to Plaintiffs' Amended Complaint are stated herein as "AC ¶ ___."  Page references to the AMERIFIRST Defendants' Motion to Dismiss are stated as "AMERIFIRST at ____."  Capitalized terms and abbreviations have the same scope and meaning as in the Amended Complaint.

unique to the issues and arguments raised in the AMERIFIRST Defendants' motion is required, Plaintiffs set forth that response below.

## II. THE AMENDED COMPLAINT PROPERLY SETS FORTH PLAINTIFFS' CLAIMS AGAINST THE AMERIFIRST DEFENDANTS

In their Motion to Dismiss, the AMERIFIRST Defendants argue that the Amended Complaint does not properly set forth Plaintiffs' claim under Florida's Deceptive and Unfair Trade Practices Act (Count I), Plaintiffs' claim for fraudulent inducement (Count III), and Plaintiffs' claim for civil conspiracy (Count IV).  *See*, AMERIFIRST at 9-13.  As demonstrated below, the AMERIFIRST Defendants' arguments are erroneously placed; and there are no valid grounds upon which the Amended Complaint should be dismissed against the AMERIFIRST Defendants.

### A. Violation of Florida's Deceptive and Unfair Trade Practices Act, Chapter 501, § 211(1), Fla. Stat. ("FDUTPA") [Count I]

#### 1. The AmeriFirst Defendants' Fraudulent Acts Are Specifically Pleaded

According to the AMERIFIRST Defendants, Plaintiffs have failed to state with particularity their claims of the fraudulent activity perpetrated by the AMERIFIRST Defendants.  In that regard, the AMERIFIRST Defendants ignore the very specific allegations contained within the Amended Complaint that demonstrate the AMERIFIRST Defendants' culpable actions, *to wit*:

> Paragraph 14.  *AMERFIRST and SMITH never possessed any precious metal, never held title to any precious metal, and never had any enforceable commitment to receive or direct delivery of precious metal on behalf of Plaintiffs.  AMERFIRST and SMITH charged Plaintiffs a finance charge on a loan balance but never disbursed any loan funds to, for, or on behalf of Plaintiffs.  AMERFIRST and SMITH charged Plaintiffs a storage fee based on the total metal value of each transaction, even though AMERFIRST and SMITH never transferred, allocated, stored, or sold any physical metal to, for, or on behalf of Plaintiffs.*

> Paragraph 15. *AMERIFIRST, SMITH, and WORTH GROUP charged AMERFIRST and SMITH, through false reports and statements, specifically the trade confirmations, the trade lists, the position lists, the accountant statements, and the notices of allocation, misrepresented to Plaintiffs that Plaintiffs bought, and that AMERFIRST and SMITH sold to them, precious metal, and that AMERFIRST and SMITH held the precious metal underlying Plaintiffs purchases.*
>
> Paragraph 63(i). *AMERIFIRST, SMITH, and WORTH GROUP charged a fictitious finance charge on the loan balance but never disbursed any loan funds to, for, or on behalf of Plaintiffs.*
>
> Paragraph 63(j). *AMERIFIRST, SMITH, and WORTH GROUP charged fictitious storage fees based on the total metal value of each transaction, even though AMERIFIRST, SMITH, and WORTH GROUP never transferred, allocated, stored, or sold any physical metal to, for, or on behalf of Plaintiffs.*
>
> Paragraph 63(k). *Each and every report and statement prepared by AMERIFIRST, SMITH, and WORTH GROUP, specifically the trade confirmations, the trade lists, the position lists, the account statements, and the notices of allocation, misrepresented to Plaintiffs that Plaintiffs bought, and that AMERIFIRST and/or WORTH GROUP sold to Plaintiffs, precious metal, and that depending on the transaction, AMERIFIRST and/or WORTH GROUP held the precious metal underlying Plaintiffs' purchases.*
>
>> i. *Through these false reports and statements, specifically the trade lists and the account statements, AMERIFIRST and WORTH GROUP misrepresented to Plaintiffs that AMERIFIRST and WORTH GROUP made loans to Plaintiffs to enable Plaintiffs to purchase 80% balance of metal;*
>>
>> ii. *The trade confirmations, trade lists, position lists, account statements, and notices of allocation were false and deceptive. AMERIFIRST and WORTH GROUP, in near identical fashion, never had possession of, title to, or any enforceable commitment of precious metal;*

- 3 -

>   iii.   AMERIFIRST and WORTH GROUP could not and did not actually transfer, allocate, or sell any precious metal to Plaintiffs;
>
>   iv.   AMERIFIRST and WORTH GROUP charged Plaintiffs a storage fee, even though no metal was ever transferred, allocated, or sold to Plaintiffs; and
>
>   v.   AMERIFIRST and WORTH GROUP never made an actual loan to Plaintiffs.  AMERIFIRST and WORTH GROUP never dispersed any actual loan funds to Plaintiffs.  AMERIFIRST and WORTH GROUP charged Plaintiffs a finance fee, even though no loan was ever actually made to Plaintiffs.
>
> Paragraph 64. Attached hereto as **Composite Exhibit "A"** is an exemplar of the documents DEFENDANTS created containing the false and misleading information purporting to represent Plaintiffs' positions, costs, and the overall summary of Plaintiffs' supposed transactions.  Consistent with the fraudulent scheme described above, the AMERIFIRST document, for example:
>
>   (a)   Is maintained on the Dealer Portal;
>
>   (b)   Is accessible through the web domain maintained by AMERIFIRST (www.amerifirsttrading.com); and
>
>   (c)   Contains information in its web address clearly showing that AMERIFIRST provides "back office," "admin[istrative]" support purporting to reflect Plaintiffs' "acc[ount] summary."

The AMERIFIRST Defendants are alleged to have charged Plaintiffs fees and expenses for transactions that never took place.  The AMERIFIRST Defendants are alleged to have charged Plaintiffs fees and expenses for loans that were never actually made to Plaintiffs.  Perhaps most egregiously, the AMERIFIRST Defendants are alleged to have created and provided to Plaintiffs false written reports to mislead Plaintiffs into believing that Plaintiffs bought, and that the AMERIFIRST Defendants had sold to them, precious metal, and that the

- 4 -

AMERIFIRST Defendants held the precious metal underlying Plaintiffs' purchases. These allegations are specific and are pointed directly at the AMERIFIRST Defendants. For the AMERIFIRST Defendants to assert that the allegations are vague or somehow do not adequately inform them of what they are accused of having done wrong, the AMERIFIRST Defendants fall well short of what they must proffer to warrant dismissal of Plaintiffs' Amended Complaint.

### 2. Plaintiffs' FDUTPA Claim is Not Limited Solely Against WorldPMX

In their Motion to Dismiss, the AMERIFIRST Defendants posit that because "*Plaintiffs never executed any paperwork with [the AMERIFIRST Defendants]*," Plaintiffs are unable to assert a claim under FDUTPA against them. To support their claim, the AMERIFIRST Defendants cite to *Shibata v. Lim*, 133 F. Supp. 2d 1311 (M.D. Fla. 2000) and *Delgado v. J.W. Courtesy Pontiac GMC-Truck, Inc.*, 693 So.2d 602 (Fla. 2d DCA 1997). Not only is the AMERIFIRST Defendants' argument completely unsound, the case law they use to support their argument is inapposite to the matter at hand. In *Shibata*, the Court dismissed a FDUTPA claim because it found that the plaintiff was not a "consumer" entitled to protection under FDUTPA. *Shibata*, 133 F. Supp. 2d at 1320-1321. In the instant matter, Plaintiffs are clearly "consumers" as that term is defined in the Act. *See also*, AC ¶ 99 ("Plaintiffs are 'consumers' within the meaning of Fla. Stat. § 501.203(7)."). Similarly, the court in *Delgado* did not limit all FDUTPA claims to those involving a direct sale between the litigating parties memorialized by a written contract; rather, the *Delgado* court merely identified a "sale" as one of the protected consumer transactions that was excepted from the bar sometimes imposed upon claimants by the Economic Loss Rule. *Delgado*, 693 So. 2d at 610. Plaintiffs' claims are not barred as suggested by the AMERIFIRST Defendants, and the AMERIFIRST Defendants have not made a cogent argument demonstrating why Count I should be dismissed against them.

### 3. Plaintiffs Have Standing to Assert their FDUTPA Claim

The AMERIFIRST Defendants suggest in their motion that "*there is a split between various courts as to whether or not an out-of-state plaintiff may bring a claim under FDUTPA.*" AMERIFIRST at 10. However, the AMERIFIRST Defendants fail to reveal that this Court has already concluded that non-Florida residents have standing to file a FDUTPA claim in Florida -- even where none of the parties are Florida residents and not all transactions occurred in Florida. In *Barnext Offshore, Ltd. v. Ferretti Group USQ, Inc.*, 2012 U.S. Dist. LEXIS 61710, at *17-18 (S.D. Fla. May 2, 2012), this Court allowed a FDUPTA claim to proceed by the purchaser of a yacht, a foreign corporation, against defendants that included a domestic corporation and foreign entities, because the yacht was sold in Florida, even though certain documents relevant to the sale of the yacht were signed in the Bahamas and that the yacht was physically transferred in the Bahamas. *See also*, *2P Commercial Agency S.R.O. v. Familant*, 2012 U.S. Dist. LEXIS 179628 (M.D. Fla. Dec. 19, 2012) (permitting non-Florida resident to maintain action in Florida under FDUTPA); *Millennium Communications & Fulfillment, Inc. v. Office of the Attorney General*, 761 So. 2d 1256 (Fla. 3d DCA 2000) (same). The AMERIFIRST Defendants' argument in this regard is disingenuous, is fallacious, and deserves no consideration by the Court.

### B. Fraudulent Inducement [Count III]

According to the AMERIFIRST Defendants:

> *[T]here is not one fact alleged which would support any of the elements necessary for the Plaintiffs to state a direct cause of action for fraud in the inducement against Amerifirst and Smith. Moreover, as referenced in Section A above, Smith and Amerifirst believe that . . . the Amended Complaint [does] not state specific facts, as required by Fed.R.Civ.P. 9(b), to support a cause of action for fraudulent inducement against them . . . .*

AMERIFIRST at 12. As noted above in Section II(A)(1), Plaintiffs have adequately pleaded the fraudulent acts for which the AMERIFIRST Defendants are to be held liable. Plaintiffs'

allegations are clear, they are precise, and they unquestionably demonstrate the first-hand culpability for which the AMERIFIRST Defendants should be held liable.  The AMERIFIRST Defendants induced a series of investments from Plaintiffs and defrauded Plaintiffs through the use of falsified documentation on which the AMERIFIRST Defendants knew Plaintiffs would rely in continuing to invest additional funds and allow all of the defendants -- including the AMERIFIRST Defendants -- to siphon away Plaintiffs' money under the guise of legitimate business activities.  For the complicit behavior specified in the Amended Complaint, the AMERIFIRST Defendants should be held liable under Count III.

      C.      **Civil Conspiracy [Count IV]**

As Plaintiffs noted in their response to the WORLDPMX Defendants and WORTH GROUP's Motions to Dismiss:

> In order to properly state a claim for civil conspiracy, a plaintiff must allege "'(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy.'" * * * **Despite the requirement of an underlying tort or wrong, "[e]ach co-conspirator need not act to further a conspiracy; each 'need only know of the scheme and assist in it in some way to be held responsible for all of the acts of his coconspirators.'"**

*Johnson Law Group v. Elimadebt USA, LLC*, 2010 U.S. Dist. LEXIS 51079, at *19-20 (S.D. Fla. May 24, 2010) (emphasis added).  Even if the AMERIFIRST Defendants were not alleged to have committed the tort or statutory violation underlying the civil conspiracy, that point is immaterial.  *See*, *Pafumi v. Davidson*, 2007 U.S. Dist. LEXIS 43138, at *4 (S.D. Fla. 2007) (finding it unnecessary for each defendant charged with conspiracy to be accused of making misrepresentations as long as at least one co-conspirator committed such an overt act).  Plaintiffs have adequately pleaded their claim for civil conspiracy and have alleged that the AMERIFIRST

Defendants knew of the scheme and assisted in some way. *See*, *e.g.*, AC ¶ 28 ("*The above-described scheme is understood, agreed-to, and participated in by all DEFENDANTS. Whether serving as 'front end' or 'back end' operators, each defendant has a role to play and must fulfill its/his role for the fraudulent scheme to succeed.*"). *See also*, AC ¶ 26 (describing each defendant's role in the scheme and how they function in harmony with one another to accomplish their common goal), ¶ 27 (*same*), ¶ 29 (alleging the AMERIFIRST Defendants' knowledge of, and consent to, certain material factual misrepresentations made to Plaintiffs in furtherance of the fraudulent scheme), ¶ 54 (describing the conspiracy), ¶¶ 62-64 (specifying the AMERIFIRST Defendants' actions in furtherance of the scheme), and ¶ 85 ("*DEFENDANTS coordinated the fraudulent scheme by working in concert with one another. They each had a measure of control over the course of the scheme and the actors through whom the scheme was enacted. Moreover, any one of them could have put a stop to, or withdrawn from, the scheme at any point.*").

Because Plaintiffs have adequately pleaded their conspiracy claim against the AMERIFIRST Defendants, Count IV should not be dismissed as requested by the AMERIFIRST Defendants.

### III.  CONCLUSION

For the foregoing reasons,[2] Plaintiffs respectfully request the Court deny AMERIFIRST and SMITH's Motion to Dismiss the Amended Complaint [DE 38].

---

[2] With regard to any arguments raised in the AMERIFIRST Defendants' motions that are not specifically addressed herein, Plaintiffs do not concede or acquiesce to the AMERIFIRST Defendants on those points. Plaintiffs simply rely on the strength and viability of the allegations as they have been set forth in the Amended Complaint without the need for further exposition.

Case No. 0:13-cv-61138-WJZ

Respectfully submitted,

**SILVER LAW GROUP**
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone:     (954) 755-4799
Facsimile:     (954) 755-4684

By: _/s/ David Silver_____
DAVID C. SILVER
Florida Bar No. 572764
E-mail:  DSilver@silverlaw.com
SCOTT L. SILVER
Florida Bar No. 095631
E-mail:  SSilver@silverlaw.com
JASON S. MILLER
Florida Bar No. 072206
E-mail:  JMiller@silverlaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was electronically filed with the Clerk of Court on this __21st__ day of October 2013 by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participant(s): **ANDREW N. COVE, ESQ. and MICHELE WATT, ESQ.**, COVE & ASSOCIATES, P.A., *Counsel for Defendants, WorldPMX, Inc., Investment Quality Diamonds Inc., and Sean McCabe*, 225 South 21st Avenue, Hollywood, FL 33020, E-mail: anc@covelaw.com, mlw@covelaw.com; **FRED A. SCHWARTZ, ESQ.**, KOPELOWITZ OSTROW, *et al.*, *Counsel for Defendants, WorldPMX, Inc., Investment Quality Diamonds Inc., and Sean McCabe*, 700 South Federal Highway - Suite 200, Boca Raton, FL 33432, E-mail: Schwartz@kolawyers.com; **CARL F. SCHOEPPL, ESQ.**, SCHOEPPL & BURKE, P.A., *Counsel for Defendants, WorldPMX, Inc., Investment Quality Diamonds Inc., and Sean McCabe*, 4651 North Federal Highway, Boca Raton, FL 33431-5133, E-mail: carl@schoepplburke.com; **TODD STONE, ESQ.**, THE STONE LAW GROUP, *Counsel for Defendants, Amerifirst Trading Corp. and C. Leo Smith*, 101 NE Third Avenue - Suite 1270, Fort Lauderdale, FL 33301; E-mail: TStone@tislaw.net; and **GEOFFREY M. CAHEN, ESQ.**, GREENBERG TRAURIG, P.A., *Counsel for Defendant, Worth Group, Inc.*, 5100 Town Center Circle – Suite 400, Boca Raton, FL 33486; E-mail: CahenG@gtlaw.com.

_/s/ David Silver_____
DAVID C. SILVER