```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

              CASE NO. 13-61138-CIV-ZLOCH
```

GARRY BATES and
RENAE BATES,

    Plaintiffs,
vs.                                          **O R D E R**

WORLDPMX, INC., INVESTMENT
QUALITY DIAMONDS, INC., SEAN
MCCABE, AMERIFIRST TRADING
CORP., C. LEO SMITH, and
WORTH GROUP, INC.,

    Defendants.
                                             /

    THIS MATTER is before the Court upon Defendants' Motions To Dismiss (DE Nos. 33, 35, and 38). The Court has carefully reviewed said Motions, the entire court file and is otherwise fully advised in the premises.

    Plaintiffs Garry and Renae Bates initiated the above-styled cause with the filing of their Complaint (DE 1) against Defendants alleging violation of Florida's Deceptive and Unfair Trade Practices Act, false advertising, fraudulent inducement, and civil conspiracy. Thereafter, an Amended Complaint (DE 30) was filed. Plaintiffs claim they were defrauded into investing $1.5 million in precious metals, that they never received the metals they purchased, and that they lost their entire investment.

    By their Motion To Dismiss (DE 33), Defendants WorldPMX, Inc., Investment Quality Diamonds, Inc., and Sean McCabe move, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike certain statements from the Amended Complaint (DE 30). They also

move, in concert with the other Defendants by their own Motions To Dismiss (DE Nos. 35 & 38), to dismiss the Amended Complaint in its entirety on the basis that it fails to state a claim, in accordance with Rule 12(b)(6).  The Court will address each challenge in turn.

Rule 12(f) allows the Court to strike from a pleading any matter that is "redundant, immaterial, or impertinent." Fed. R. Civ. P. 12(f).  However, the Court is mindful that "a motion to strike is a drastic remedy that is disfavored by the courts." Agan v. Katzman & Korr, P.A., 328 F. Supp. 2d 1363, 1367 (S.D. Fla. 2004).  The granting of such a motion is normally based on the prejudice the material to be stricken causes the moving party. See id.  After reviewing the Amended Complaint and the paragraphs at issue,  the Court finds that the statements contained therein do not rise to a level which prejudices any Defendant.  The Court is more than competent to ignore extraneous or argumentative statements of fact.  Defendants WorldPMX, Inc., Investment Quality Diamonds, Inc., and Sean McCabe have not demonstrated any risk of prejudice in the material they seek to have stricken.

The Court now turns to Defendants' second and collective basis for dismissal, that the Amended Complaint (DE 30) fails to state a claim, pursuant to Rule 12(b)(6).  The Court notes that only a generalized statement of facts needs to be set out to comply with the liberal pleading requirements of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 8(a).  The Supreme Court recently abrogated its test for  determining the sufficiency of a complaint

as formulated in Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007). In Twombly, the Court stated that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965. The Court further explained that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." Id. (quotations omitted).

Plaintiffs' Amended Complaint (DE 30) clearly satisfies the pleading requirements of Rule 8(a).  To the extent it alleges fraud, Rule 9(b) requires that the Amended Complaint (DE 30) state with particularity the circumstances constituting fraud or mistake. This heightened pleading requirement of Rule 9(b) is designed to notify each defendant of the misconduct he or she is accused of committing.

Typically, "boilerplate and conclusory allegations will not suffice.  Plaintiffs must accompany their legal theory with factual allegations that make their theoretically viable claim plausible." In re Rockefeller Center Properties, Inc. Securities Litigation, 311 F. 3d 198, 216 (3d Cir. 2002).

Elaborating on Rule 9(b)'s requirements, the Eleventh Circuit has held that Rule 9(b) is satisfied if the complaint sets forth the following:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of

3

>     each such statement and the person responsible for
>     making (or, in the case of omissions, not making)
>     same, and (3) the content of such statements and
>     the manner in which they misled the plaintiff, and
>     (4) what the defendants obtained as a consequence
>     of the fraud.

Ziemba v. Cascade Intern., Inc., 256 F. 3d 1194, 1202 (11th Cir. 2001) (internal quotations omitted).

In the instant case, the Complaint is replete with the requisite "who, what, when, where, and how" of the alleged scheme. See e.g., Kearns v. Ford Motor Co., 567 F. 3d 1120, 1124 (9th Cir. 2009). Ergo, Plaintiffs have satisfied Rule 9(b).

Further, the questions of law that Defendants raise in their Motions (DE Nos. 33, 35, and 38) are better addressed at summary judgment, when the Court has a full record upon which to base its decisions.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendants' Motions To Dismiss (DE Nos. 33, 35, and 38) be and the same are hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____14th____ day of March, 2014.

_____
                  WILLIAM J. ZLOCH
                  United States District Judge

Copies furnished:

All Counsel of Record