UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Civil Action No. 0:13-cv-61138-BLOOM

GARRY BATES, an individual; and
RENAE BATES, an individual,
    Plaintiffs,

v.

WORLDPMX, INC., a Florida corporation;
INVESTMENT QUALITY DIAMONDS, INC., a Florida corporation;
SEAN MCCABE, an individual;
AMERIFIRST TRADING CORP., a Florida corporation;
C. LEO SMITH, an individual; and
WORTH GROUP, INC., a Florida corporation,
    Defendants.
_____/

## STIPULATED ORDER AND CONSENT JUDGMENT
## AGAINST DEFENDANTS WORLDPMX, INC. AND SEAN MCCABE

### I.    PROCEDURAL BACKGROUND

On May 21, 2013, Plaintiffs, GARRY BATES, an individual; and RENAE BATES, an individual (hereinafter "Plaintiffs"), filed a Complaint for damages against, *inter alia*, WORLDPMX, INC., a Florida corporation ("WORLDPMX"); and SEAN MCCABE, an individual ("MCCABE") (WORLDPMX and MCCABE collectively referred to herein as "the WORLDPMX DEFENDANTS") for violations of Florida's Deceptive and Unfair Trade Practices Act [Fla. Stat. §§ 501.201, *et seq.*], false advertising [Fla. Stat. §§ 817.41, *et seq.*], fraudulent inducement, and civil conspiracy. [Docket Entry No. ("DE") 1].

On August 9, 2013, Plaintiffs filed an Amended Complaint supplementing their original pleading with additional factual allegations, though the causes of action asserted remained the same as those set forth in the original Complaint. [DE 30].

On April 1, 2014, the WORLDPMX DEFENDANTS filed an Answer and Affirmative Defenses to the Amended Complaint in which the WORLDPMX DEFENDANTS generally denied

any liability for the statutory violations and tortious conduct alleged against them in the Amended Complaint. [DE 64].

## II.   CONSENTS AND AGREEMENTS

To resolve the remaining issues between the parties without any further judicial proceedings, the WORLDPMX DEFENDANTS:

1. Consent to the entry of this Stipulated Order and Consent Judgment;

2. Affirm that they have read and agree to this Stipulated Order and Consent Judgment voluntarily; and that no promise, other than as specifically contained herein, or threat, has been made by Plaintiffs or any agent or representative thereof, or by any other person, to induce consent to this Stipulated Order and Consent Judgment;

3. Acknowledge service of the Complaint, the Civil Action Summonses, and the Amended Complaint thereafter;

4. Admit the jurisdiction of this Court over them and the subject matter of this action;

5. Admit that venue properly lies within this Court;

6. Waive any and all rights of appeal from this action;

7. Agree that they are jointly and severally liable for the restitution and fee amounts set forth herein as well as any additional sums deemed just and reasonable by the Court.

8. Consent to the continued jurisdiction of this Court over them for the purpose of enforcing the terms and conditions of the Stipulated Order and Consent Judgment and for any other purpose relevant to this action, even if the WORLDPMX DEFENDANTS now or in the future reside outside the jurisdiction of this Court;

9. Agree that they will not oppose enforcement of this Stipulated Order and Consent Judgment by alleging that it fails to comply with the Federal Rules of Civil Procedure and waive any objection based thereon;

10.   Agree that neither they nor any of their agents or employees under their authority or control shall take any action or make any public statement admitting or denying, directly or indirectly, any allegation in the Amended Complaint or Conclusions set forth below, or creating or tending to create the impression that the Amended Complaint or this Stipulated Order and Consent Judgment is with or without a factual basis; provided, however, that nothing in this provision shall affect their: (a) testimonial obligations, or (b) right to take legal positions in other proceedings to which Plaintiffs are not a party. The WORLDPMX DEFENDANTS shall undertake all steps necessary to ensure that their agents or employees under their authority or control understand and comply with this agreement;

11.   Without admitting or denying them, solely for the purposes of this agreement, the WORLDPMX DEFENDANTS agree and intend that the allegations contained in the Amended Complaint and all of the Conclusions in this Stipulated Order and Consent Judgment shall be taken as true and correct and be given preclusive effect, without further proof, in the course of: (a) any current or subsequent bankruptcy proceeding filed by, on behalf of, or against the WORLDPMX DEFENDANTS and/or (b) any proceeding to enforce the terms of this Stipulated Order and Consent Judgment;

12.   Agree that the WORLDPMX DEFENDANTS shall not seek to discharge or have discharged in any bankruptcy proceeding filed by, on behalf of, or against the WORLDPMX DEFENDANTS, the financial obligations consented to herein; and if any effort to have these financial obligations discharged in a bankruptcy proceeding is made, the WORLDPMX DEFENDANTS will oppose any such effort and will take the position that these financial obligations are not dischargeable;

13.   Agree to provide immediate notice to this Court and Plaintiffs in the manner required by Paragraph 36 of Part V of this Stipulated Order and Consent Judgment, of any

bankruptcy proceeding filed by, on behalf of, or against the WORLDPMX DEFENDANTS, whether inside or outside the United States; and

14. Agree that no provision of this Stipulated Order and Consent Judgment shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against the WORLDPMX DEFENDANTS in any other proceeding.

### III. CONCLUSIONS

The Court, being fully advised in the premises, finds there is good cause for entry of this Stipulated Order and Consent Judgment and that there is no just reason for delay. The Court therefore directs the entry of the following Conclusions:

**THE PARTIES AGREE, AND THE COURT HEREBY FINDS:**

**A. The Parties to this Stipulated Order and Consent Judgment**

15. Plaintiff GARRY BATES is an individual domiciled in Dickinson, North Dakota; is a citizen of the State of North Dakota; and is *sui juris*. At all times material hereto, GARRY BATES was married to Plaintiff RENAE BATES.

16. Plaintiff RENAE BATES is an individual domiciled in Dickinson, North Dakota; is a citizen of the State of North Dakota; and is *sui juris*. At all times material hereto, RENAE BATES was married to Plaintiff GARRY BATES

17. Defendant WORLDPMX is a Florida corporation which, at all times material hereto, maintained an office in, and conducted business from, Broward County, Florida.

18. Defendant MCCABE is an individual domiciled in Florida who, at all times material hereto, was the principal of WORLDPMX and controlled the corporate entity.

**B. Jurisdiction and Venue**

19. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees, and is an action between citizens of different states.

20. This Court has personal jurisdiction over the WORLDPMX DEFENDANTS because: (a) WORLDPMX is business entity that operated, was present, and/or did business within this jurisdiction, (b) MCCABE is an individual residing and working within this jurisdiction, and (c) the WORLDPMX DEFENDANTS' statutory breaches and tortious activity occurred within this jurisdiction.

21. Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1391, as the causes of action alleged herein arose in Broward County, Florida.

### C. Statutory Breaches and Tortious Activity

22. During the time period in which WORLDPMX operated its business, WORLDPMX, generally through telephone solicitations, pitched potential customers on the prospect of investments in physical bullion (*i.e.*, gold, silver, platinum, and palladium). Through its initial solicitation, WORLDPMX represented to each customer that the customer was purchasing, and that WORLDPMX was a broker for the sale of physical precious metals.

23. WORLDPMX marketed to the customer a financing program, wherein the customer only needed to pay a percentage equity deposit of the total metal value, generally 20%. WORLDPMX represented that it would broker the loan for the customer of the remaining percentage of the funds for a finance charge. WORLDPMX represented that the customer then purchased, and WORLDPMX brokered the sale to that customer, of the total quantity of physical metal. WORLDPMX represented that the total quantity of physical metal would then be transferred, in the customer's name, to a depository to be segregated from all other purchased metals and held there in the customer's name.

24. Between March 2012 and August 2012, Plaintiffs invested a principal sum of One Million Five Hundred Thousand Dollars ($1,500,000.00) with the WORLDPMX DEFENDANTS for the purpose of investing in precious metals.

25. Plaintiffs lost all but $300,000 of the $1,500,000 invested with the WORLDPMX DEFENDANTS, which loss was predominantly attributable to fraudulent misrepresentations, administrative fees, interest payments, undisclosed mark-ups, and mark-downs assessed upon Plaintiffs.

26. In addition, Plaintiffs -- at the WORLDPMX DEFENDANTS' behest, instruction, and advice -- rolled $828,244.46 into an IRA account in January 2013 for the purpose of engaging in additional precious metals transactions. On the very day Plaintiffs' funds were transferred -- and as a direct result of that transfer and the fees and charges assessed to Plaintiffs in connection therewith -- Plaintiffs' funds were reduced that day to only $693,812.18. As such, Plaintiffs suffered an additional loss of $134,432.28.

27. At all times material hereto, WORLDPMX was an "alter ego" of MCCABE and served as a corporate entity he dominated and controlled.

28. As to each transaction in which they purportedly engaged for Plaintiffs, the WORLDPMX DEFENDANTS:

>   (a) believing the representations of the companies through which the WORLDPMX DEFENDANTS were brokering the metals, misrepresented that Plaintiffs purchased, and WORLDPMX sold, the total quantity of precious metal in the transaction;
>
>   (b) believing the representations of the companies through which the WORLDPMX DEFENDANTS were brokering the metals, misrepresented that Plaintiffs received, and the companies through which the WORLDPMX DEFENDANTS were brokering the metals made, a loan so that Plaintiffs could purchase the total quantity of precious metal in the transaction; and

(c) misrepresented that the companies through which the WORLDPMX DEFENDANTS were brokering the metals held for Plaintiffs the total quantity of precious metal in the transaction.

29. The WORLDPMX DEFENDANTS made the aforementioned misrepresentations in false reports and statements to Plaintiffs.

30. The acts, failures, and omissions of MCCABE and other officials, agents, or persons acting for WORLDPMX occurred within the scope of their employment, agency, or office with WORLDPMX, and are deemed to be the acts, failures, and omissions of WORLDPMX. WORLDPMX is therefore liable for the acts, failures, and omissions undertaken by MCCABE and all other officials, agents, or persons acting for WORLDPMX. MCCABE is therefore personally liable for WORLDPMX's violations.

31. By the conduct described in the Amended Complaint, the WORLDPMX DEFENDANTS: (a) engaged in unfair and deceptive trade practices in violation of Fla. Stat. §§ 501.201 *et seq.*; (b) violated Fla. Stat. § 817.41 by disseminating knowingly misleading advertisements in connection with those unfair and deceptive practices; (c) fraudulently induced Plaintiffs to invest their $1,500,000.00, and (d) participated in a conspiracy to extract from Plaintiffs unnecessary fees, undisclosed charges, and misappropriate Plaintiffs' investment capital.

## IV.   STATUTORY AND EQUITABLE RELIEF

32. The WORLDPMX DEFENDANTS shall jointly and severally pay restitution, plus post-judgment interest, to Plaintiffs in the principal sum of **One Million Nine Hundred Thirty Four Thousand Four Hundred Thirty Two Dollars and Twenty Eight Cents ($1,934,432.28)** as follows:

| | |
|---|---|
| Loss of Principal Amount Invested through WorldPMX, Inc. | $1,500,000.00 |
| Loss of Funds rolled over into Plaintiffs' IRA at Sterling Equity Trust | + $134,432.28 |
| SUBTOTAL | $1,634,432.28 |

| | |
|---|---|
| Agreed-to Monetary Penalty[1] | + $500,000.00 |
| SUBTOTAL | $2,134,432.28 |
| CREDIT (*for agreed value of precious stones purchased by Plaintiffs*) | - $200,000.00 |
| TOTAL | $1,934,432.28 |

33. In addition, the WORLDPMX DEFENDANTS shall jointly and severally pay to Plaintiffs the sum total of **Four Hundred Eighty Three Thousand Three Hundred Thirty Three Dollars ($488,098.42)** as payment of the reasonable amount of attorneys' fees and costs incurred by Plaintiffs in prosecuting this action.

34. In connection with any motion for restitution and/or fees and costs, and at any hearing held on such a motion:

    (a) The WORLDPMX DEFENDANTS shall not oppose any such motion;

    (b) The WORLDPMX DEFENDANTS will be precluded from arguing they did not violate the statutes as alleged in the Amended Complaint;

    (c) The WORLDPMX DEFENDANTS may not challenge the validity of their consents and agreements herein or challenge the validity of this Stipulated Order and Consent Judgment overall;

    (d) Solely for the purposes of such motion, the allegations of the Amended Complaint and the Conclusions in this Stipulated Order and Consent Judgment shall be accepted as and deemed true by the Court; and

    (e) The Court may determine the issues raised in the motion on the basis of affidavits, declarations, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

In connection with any motion for restitution or fees/costs, Plaintiffs may take discovery, including discovery from appropriate non-parties.

35. The WORLDPMX DEFENDANTS shall cooperate fully and expeditiously with Plaintiffs in any current or future civil litigation related to the subject matter of this action. As part

---

[1] The Parties have agreed to reduce Plaintiffs' Florida Deceptive and Unfair Trade Practices Act treble damage recovery from $4,903,296.84 to $2,134,432.28.

of such cooperation, the WORLDPMX DEFENDANTS shall comply, to the full extent of their abilities, promptly and truthfully with any inquiries or requests for information, including, but not limited to, requests for production of documents and authentication of documents, and shall provide assistance at any trial, proceeding, or investigation related to the subject matter of this action, including, but not limited to, requests for testimony and/or depositions. Should Plaintiffs file any additional action(s) related to the subject matter of this action, the WORLDPMX DEFENDANTS are directed to appear in the judicial district in which such action(s) is pending, or in a suitable judicial district agreed to by the parties, to provide deposition testimony and trial testimony should such testimony be necessary.

## V.   MISCELLANEOUS PROVISIONS

36.   **Notice**: All notices required to be sent or information to be provided under this Stipulated Order and Consent Judgment shall be sent by U.S. Mail, facsimile, private postal carrier (*e.g.*, FedEx, UPS, Airborne Express), or e-mail to the following:

   (a) Plaintiffs:
      Garry Bates and Renae Bates
      c/o Scott L. Silver, Esq. and David C. Silver, Esq.
      Silver Law Group
      11780 W. Sample Rd.
      Coral Springs, FL 33065
      Telephone:    (954) 755-4799
      Facsimile:    (954) 755-4684
      E-mail:    SSilver@silverlaw.com
      E-mail:    DSilver@silverlaw.com
      *Counsel for Plaintiffs, Garry Bates and Renae Bates*

   (b) The WORLDPMX Defendants:
      WorldPMX, Inc.
      c/o Fred A. Schwartz, Esq.
      Kopelowitz Ostrow, *et al.*
      700 South Federal Highway - Suite 200
      Boca Raton, FL 33432
      Telephone:    (561) 910-3070
      Facsimile:    (561) 910-3080
      E-mail:    Schwartz@kolawyers.com
      *Counsel for Defendants, WorldPMX, Inc.; Investment Quality Diamonds, Inc.; and Sean McCabe*

       Sean McCabe
       c/o Fred A. Schwartz, Esq.
       Kopelowitz Ostrow, *et al.*
       700 South Federal Highway - Suite 200
       Boca Raton, FL 33432
       Telephone:   (561) 910-3070
       Facsimile:    (561) 910-3080
       E-mail:       Schwartz@kolawyers.com
*Counsel for Defendants, WorldPMX, Inc.; Investment Quality Diamonds, Inc.; and Sean McCabe*

       <u>With a copy to</u>:
       WorldPMX, Inc.
       c/o Sean McCabe
       E-mail:       sobesfm@yahoo.com

All such notices shall reference the name and docket number of this action.

    37.   **Change of Address/Telephone Number/E-Mail Address**: Until such time as the WORLDPMX DEFENDANTS satisfy in full their restitution obligation (including any award to Plaintiffs for attorneys' fees/costs) as set forth in this Stipulated Order and Consent Judgment, the WORLDPMX DEFENDANTS shall provide written notice to Plaintiffs by certified U.S. Mail or private postal carrier (*e.g.*, FedEx, UPS, Airborne Express) of any change to their telephone number, mailing address, and electronic mail address within ten (10) calendar days of the change.

    38.   **Entire Agreement and Amendments**: This Stipulated Order and Consent Judgment incorporates all of the terms and conditions of the settlement by and amongst the parties hereto to date.  Nothing shall serve to amend or modify this Stipulated Order and Consent Judgment in any respect whatsoever, unless: (a) reduced to writing, (b) signed by all parties hereto, and (c) approved by an Order of this Court.

    39.   **Invalidation**: If any provision of this Stipulated Order and Consent Judgment or if the application of any provision or circumstance is held invalid, then the remainder of this Stipulated Order and Consent Judgment and the application of the provision to any other person or circumstance shall not be affected by the holding.

40. **Waiver:** The failure of any party to this Stipulated Order and Consent Judgment or of any retail customer at any time to require performance of any provision of this Stipulated Order and Consent Judgment shall in no manner affect the right of the party or retail customer at a later time to enforce the same or any other provision of this Stipulated Order and Consent Judgment. No waiver in one or more instances of the breach of any provision contained in this Stipulated Order and Consent Judgment shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Stipulated Order and Consent Judgment.

41. **Continuing Jurisdiction of this Court:** This Court shall retain jurisdiction of this action in order to implement and carry out the terms of all orders and decrees, including orders setting the appropriate amounts of restitution and attorneys' fees/costs, that may be entered herein, to entertain any suitable application or motion for additional relief within the jurisdiction of the Court, to assure compliance with this Stipulated Order and Consent Judgment, and for any other purpose relevant to this action.

42. **Authority:** Each party to this Stipulated Order and Consent Judgment hereby represents and warrants that he or she has the full right, power, authority and capacity to enter into this agreement, and that this Stipulated Order and Consent Judgment constitutes a legal and binding agreement that is enforceable in accordance with its terms. WORLDPMX represents and warrants that the individual signing this Stipulated Order and Consent Judgment on its behalf is fully authorized and empowered to execute this document on WORLDPMX's behalf.

43. **Counterparts and Facsimile Execution:** This Stipulated Order and Consent Judgment may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each

Stipulated Order and Consent Judgment against WorldPMX, Inc. and Sean McCabe
Case No. 0:13-cv-61138-BLOOM

of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Stipulated Order and Consent Judgment that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Stipulated Order and Consent Judgment.

44. The WORLDPMX DEFENDANTS understand that terms of the Stipulated Order and Consent Judgment are enforceable through contempt proceedings, and that in any such proceedings they may not challenge the validity of this Stipulated Order and Consent Judgment.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Stipulated Order and Consent Judgment against Defendants WorldPMX, Inc. and Sean McCabe.

DONE AND ORDERED in Chambers in Fort Lauderdale, Florida, this __8th__ day of December ~~August~~ 2014.

_____
HONORABLE BETH BLOOM
UNITED STATES DISTRICT JUDGE

**CONSENTED TO AND APPROVED BY:**

**Garry Bates**

By: _____
Garry Bates, individually

Date: 9-2-14

**Renae Bates**

By: _____
Renae Bates, individually

Date: 9-2-14

Approved as to form:

By: _____
Name: David C. Silver, Esq.
Title: *Counsel for Plaintiffs, Garry and Renae Bates*

Date:_____

Stipulated Order and Consent Judgment against WorldPMX, Inc. and Sean McCabe
Case No. 0:13-cv-61138-BLOOM

**WorldPMX, Inc., a Florida corporation**

By: _[signature]_
Name: Sean McCabe
Title: Director
Date: 8/23/14

**Sean McCabe**

By: _[signature]_
Sean McCabe, individually
Date: 8/23/14

**Approved as to form:**

By: _____
Name: Fred A. Schwartz, Esq.
Title: *Counsel for Defendants, WorldPMX, Inc.; Investment Quality Diamonds, Inc.; and Sean McCabe*

Date: _____